**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dorsey Antley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10 C 1027 |
| | ) | |
| AllianceOne Receivables Management, | ) | |
| Inc., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Dorsey Antley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Dorsey Antley ("Antley"), is a citizen of the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.    Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  AllianceOne operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.    From Defendant AllianceOne's offices in Illinois, and sixteen other states, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.  See, AllianceOne's web-site materials, attached as Group Exhibit A.

6.    Defendant AllianceOne is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit B.

7.    Moreover, Defendant AllianceOne is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit C.

**FACTUAL ALLEGATIONS**

8.    Ms. Antley is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Capital One credit card.  When Defendant AllianceOne began trying to collect the Capital One debt from Ms. Antley, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant AllianceOne's collection actions.

2

9.      On November 21, 2009, one of Ms. Antley's attorneys at LASPD informed AllianceOne, in writing, that Ms. Antley was represented by counsel, and directed AllianceOne to cease contacting her and to cease all further collection activities because Ms. Antley was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

10.     Nonetheless, Defendant AllianceOne sent a collection letter, dated December 15, 2009, directly to Ms. Antley, in which it continued to demand payment of the Capital One debt.  A copy of this letter is attached as Exhibit E.

11.     Accordingly, on January 27, 2010, Ms. Antley's LASPD attorney had to send Defendant AllianceOne another letter to cease communications and cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

12.     All of the collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letter from Ms. Antley's agent, LASPD, told Defendant AllianceOne to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendant AllianceOne violated § 1692c(c) of the FDCPA.

17.     Defendant AllianceOne's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant AllianceOne knew that Ms. Antley was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant AllianceOne to cease directly communicating with Ms. Antley.  By directly sending Ms. Antley the collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant AllianceOne violated § 1692c(a)(2) of the FDCPA.

21.     Defendant AllianceOne's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

4

**PRAYER FOR RELIEF**

Plaintiff, Dorsey Antley, prays that this Court:

1.      Find that Defendant AllianceOne's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Antley, and against Defendant AllianceOne, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Dorsey Antley, demands trial by jury.

Dorsey Antley,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  February 16, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com